Mike Panser
Plaintiff, Pro Se
Mailing Address
5494 NW 10th Ct. Apt 304
Plantation FL, 33313



FILED BY _____ D.C.

JUL 27 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Mike Panser,

An Individual and as CEO of Now Move USA

a Florida Resident

Plaintiff,

v.

Mark Jensen

An Individual and as CEO of American Resource Corporation

An Indiana Corporation

Defendant

## COMPLAINT

Plaintiff, Mike Panser, a South Florida resident, (the "Plaintiff") hereby sues Mark Jensen in his personal capacity, and in the capacity as CEO of American Resource Corporation (hereinafter the "Defendant") and further state as follows:

### JURISDICTION AND VENUE

Jurisdiction is proper in this case as the US District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Jurisdiction is therefore proper under 28 U.S.C. § 1332.

Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a), 22 and 28 U.S.C. §§ 1391(b), (c), and (d) because, during the relevant period, Defendant Mark Jensen,

1

transacted business, were found, or had agents in this District, and a substantial portion of their activity that relate to interstate trade and commerce discussed below has been carried out in this District. Subsequently, Defendant's conduct had direct, substantial, and reasonably foreseeable effects on Plaintiffs, through interstate commerce relations, including in this District.

## THE PARTIES
## THE PLAINTIFFS

The Plaintiff Mike Panser operates a small freight forwarding service Now Move USA which is registered under the State of Florida.

## THE DEFENDANT

Mark Jensen is the CEO of American Resource Corporation  American Resources Corporation which Company holds itself to be a next generation, socially responsible, supplier of raw materials to the new infrastructure market. Under the Defendant Mark Jensen's oversight as CEO, American Resource Corporation produces  products which in turn go to produce steel, alloys, metals and used in the critical elements fields to purportedly support global development and socio-economic progress to create a more efficient economic environment. (see Exhibit "A")

## FACTUAL ALLEGATIONS

1. The Plaintiff Mike Panser operates a small freight forwarding service Now Move USA which is registered under the State of Florida

2. The Plaintiff's system of Process includes taking bookings through a third party Company which provides a online marketplace for freight forwarders (UShip.com) and other forwarding freight services to meet the customer's specifications. Plaintiff states that since it is a freight forwarding business that customers' satisfaction ultimately depends on the customer being extremely

specific regarding the dimensions of the items being requested for shipment and subsequently delivered.

3. On 9th June 2021 Defendant posted a shipment on the uShip marketplace through the website link below: https://www.uship.com/listing/469857356/10-Pallets/

4. After the Defendant posted the shipment he communicated to Plaintiff using his company e mail address: (see Exhibit "B" which evidences the public listing from Plaintiff's account, showing as booked and see also Exhibit "C" evidencing that the acceptance of Defendant's quote displays in the public domain)

5. On 9th of June 2021, Defendant posted at the uShip marketplace under the category LTL Shipment. Which means Less than Truckload. (see Exhibit D which evidences the notification from uShip that the Defendant's shipment was posted)

6. On 9th of June 2021, Plaintiff provided a quote to Defendant via email (see Exhibit E which evidences the, e mail notification that Plaintiff's quote was placed)

7. On 9th of June 2021, the Defendant accepted Plaintiff's quote and by extension Plaintiff's terms and conditions which were all provided to Defendant prior to his booking. (see Exhibit F which evidences the e mail from uShip that Plaintiff's quote was accepted)

8. Upon acceptance of the quote the Defendant then provided his specifications as required to accommodate his shipment as follows:
Pickup Location: 47944 – Business location Delivery Location: 47438 – Business Location 10 Pallets // 60x60x60 inch // Total weight 1,000 LBS (see Exhibit B)

9. Plaintiff then restated the same details listed for the Defendant and provided a quote for 1,075 USD including uShip fee, and payment to Plaintiff in the amount of 860 USD.

10. Plaintiff asserts that the details of the shipment to Defendant read as follows IMPORTANT:
Payment via Credit Card **Payment before pickup **detailed quote as following: Business - Business /// Liftgate NOT included / 2-3 business day transit time est. / Item

must be properly packaged (palletized, crated, boxed) - no loose items! No overhang

accepted! / Quoted as LTL (Volume Tariff) Standard Service, means-pickup dates, transit times, delivery dates are estimated! Our dispatch will advise for driver arrival time. /Pickup: Mo.- Fr.- 12:00 PM - 05.30 PM / Deliveries: Mo.- Fr. - 07.30 AM – 12:00 PM / NO pickups or deliveries on holidays and weekends / If you need your shipment picked up and delivered on a specific or fixed day, we may re-quote with guaranteed service. / Quote based on weight, dimension, commodity, and address classification / Not sure about address classification please ask us and we will explain / For high-value shipments we suggest additional insurance, ask us for the option. // Thanks, Eli

11. Plaintiff states the the terms and conditions were visible on the quote which the Defendant read and acknowledged.

12. On 9th of June 2021 Plaintiff provided a setup e mail to the Defendant requesting additional information for the requested shipment (see Exhibit G which evidences Plaintiff's request to Defendant for the requested missing information and further advised Defendant of the following, to wit:

13. In order to place the shipment for you, please provide me the below missing information in red and confirm that we have the right information for dimension, weight, piece count, type of address and needed assessorial on hand:

14. Plaintiff further asserts that Plaintiff's email further requested of the Defendant to en sure the accuracy of his shipping specifications as any change of dimension, weight, type of address etc.. can increase the carrier rate and will be added to the final bill;

15. Defendant was further informed that by sending the above information it would be his confirmation that all information provided to Plaintiff was accurate.

16. Defendant Mark responded on 09th of June 2021 to the setup e mail confirming the weight of 1,000 LBS. (see Exhibit H)

17. Plaintiff setup the shipment with the provided information and sent Defendant Mark the instruction e mail with attached BOL – BOL No.: 60101415698 ( see Exhibit I, the instruction e mail and also Exhibit J, BOL)

18. Plaintiff asserts that his automated system then sent an invoice with the payment link. (see Exhibit K invoice e mail and Exhibit L which evidences the invoice)

19. Plaintiff states that his invoice consisted of several PAYMENT REMINDERS – BREACH OF CONTRACT – LATE PAYMENT emails with no response from Defendant (see Exhibit M, first payment reminder 10th of June 2021, Exhibit N second payment reminder 11th of June 2021, Exhibit O , third payment reminder 11th of June 2021 from our accountant, Exhibit P fourth payment reminder 11th of June 2021 to the Defendant's colleauge)

20. Defendant finally paid Plaintiff after pickup (breaching the original agreement as payment was due before pickup) but was only paid after the 4 reminder. (see Exhibit Q , Defendant's credit card receipt)

21. On the same day Plaintiff was notified by the carrier that the shipment was found with 16,615 LBS and not as posted, booked, and confirmed for 1,000 LBS.

22. Plaintiff immediately informed Defendant about the matter via email (see Exhibit R, e mail to Mark about weight increase also also Exhibit S, weight certificate)

23. Plaintiff then received an email with verbal derogatory remarks from Defendant in response, none of which facts are true (see Exhibit T)

24. Plaintiff immediately responded to Defendant explaining all of the above facts in an endeavor to resolve the issue (see Exhibit U)

25. Plaintiff's then sent a final reminder for the weight increase (see Exhibit V)

26. Plaintiff asserts that the Defendant then sent an e mail on 11th of June 2021 – mentioning that he will initiate a chargeback and accused Plaintiff of not accurately quoting Defendant, and also threatened Plaintiff with legal action, with further intentions to harm Plaintiff's personal and business reputation (see Exhibit W)

27. Plaintiff then sent Defendant a new e mail notifying him to cease and desist using profane language towards him (see Exhibit X)

28. Defendant contacted Plaintiff again with harassing emails and accusations of fraud.

29. Plaintiff eventually received the additional charges from our third party provider and charged the Defendant's card on file as our terms and conditions authorized Plaintiff to charge Defendant's card on file for any amended charges, which Defendant had agreed to when he booked the shipment. These charges collectively form Exhibits Y and evidence the charges for the weight increase fee, the ,full terms and conditions of service, evidence that the Defendant accepted our terms and condition and cancellation policy and cardholder computer screenshot, and proof that terms and condition and cancellation policy was accepted at the time of checkout)

30. Plaintiff then received a new and harassing email from the Defendant accusing Plaintiff of theft and fraud (See Exhibits collectively marked as Z)

31. Plaintiff states that he has made numerous attempts to resolve this issue with the Defendant who appears to have intentions of harming Plaintiff's personal and business reputation. (see collective Exhibits Z 1 evidencing Plaintiff's numerous steps to resolve)

32. Plaintiff sought to explain to Defendant the reasons for being charged additional charges however Defendant maintains that Plaintiff defrauded him and that he the Defendant intends to further harm Plaintiff's personal and business reputation.

33. Plaintiff states that as a result of the foregoing that this action is filed alleging the following causes of action(s)

## CAUSES OF ACTION

### (1) Tortious Interference with Contract

Under Florida law, to state a claim for tortious interference with contract the claimant must plead four elements:

(1) the existence of a business relationship under which plaintiff has legal rights, not necessarily evidenced by an enforceable contract;

(2) proof of defendant's knowledge;

(3) intentional and unjustified interference with relationship by defendant; and

(4) damage to plaintiff as a result of interference. *Nautica Int'l. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1344 (S.D.Fla. 1998); *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999).

Several Florida courts have addressed the standard for courts to use in determining if the required element of an advantageous business relationship has been properly pled. The test is whether the parties' understanding would have been completed if the defendant had not interfered. See *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994), citing *Charles Wallace Co. v. Alternative Copier Concepts, Inc.*, 583 So. 2d 396, 397 (Fla. 2d DCA 1991) (holding action for intentional interference with business expectancy will lie if the parties' understanding would have been completed if the defendant had not interfered); see also *United Yacht Brokers, Inc. v. Gillespie*, 377 So. 2d 668, 672 (Fla.1979) (holding question is not necessarily whether interference induced a breach of contract, but more generally, whether it caused a loss of gain plaintiff would have received absent the interference.)

Plaintiffs state that:

## (1) There was the existence of a business relationship

Plaintiffs state that there was the existence of an   business relationship between himself and the online marketplace Uship.com which has been a long standing business relationship since 2013.

## (2) Proof of defendant's knowledge

Plaintiff states that he Defendant knew of the relationship between him and Uship.com through the many emails which Defendant received prior to shipment.

## (3) intentional and unjustified interference with relationship by defendant

Plaintiff states that Defendant both intentionally and unjustifiably caused an interference between Plaintiff and Uship.com by intentionally delaying payment for the shipment which specifications was misrepresented by the Defendant. Plaintiff states that it took four payment reminders to Defendant informing Defendant that he had to pay for the additional charges which caused

significant delay and interference into the Plaintiff's daily course of activity. Further Plaintiff's business is now placed in a negative spotlight in the public domain through the Defendant's posting of emails to Plaintiff and also posting untrue statements about the Plaintiff on the online marketplace Uship.com, which presently has Plaintiff under review which Plaintiff is attempting to resolve.

**(4) damage to plaintiff as a result of interference.**

Plaintiff asserts that because of the Defendant's interference through his delay in payment, sending negative emails to Plaintiff and by posting negative content on the World Wide Web for the public viewing, including Defendant possibly obtaining a chargeback for the transaction at issue, that the Plaintiff sustained significant damage and harm to his business reputation. Plaintiff brings suit under this cause of action for the amount of $50,000.

## (II) Defamation

The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person. 28 U.S. Code § 4101 – Definitions Generally Plaintiffs cannot sue in federal court on a defamation claim unless there is diversity of citizenship. Plaintiff asserts that The First Amendment of the Constitution is involved in these claims as the two subjects are linked in most instances. Opinion may not be relevant to a defamation case. However, false facts or statements that have been published or provided to the public that often cause difficulty to the victim or lead to harm are violations of the law and not protected through free speech. To assert a valid defamation claim, the case must prove that the person being sued acted in actual malice against the Plaintiff. This means that no agency purposes were advanced due to these statements or false facts. He or she was purely acting on vindictive reason to cause a negative impact to the person involved. New York Times v Sullivan

Plaintiff brings this action for defamation against Defendant for $25,000 for Defendants continuous and harassing emails and for asserting untrue remarks and statements against the Plaintiff on the World Wide Web for public viewing.

### (III) Request for Injunction or Temporary Restraining Order

Notwithstanding the foregoing, Plaintiff Requests an injunction or Temporary or Permanent Restraining Order preventing the Defendant from asserting any further disparaging or untrue remarks towards Plaintiff or his business, which do not fall within the category of free speech.

### (IV) Request for a *sua sponte* Order to Cease and Desist

Alternatively Plaintiff Requests a *sua sponte* Order to Cease and Desist the Defendant from asserting any further disparaging or untrue remarks towards Plaintiff or his business, which do not fall within the category of free speech.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(1) Damages against Defendant in the amount of $75,000 to compensate Plaintiff for the Defendant's tortious interference with a business contract and for Defendant's defamation against the Plaintiff.

(2) an injunction or Temporary or Permanent Restraining Order preventing the Defendant from asserting any further disparaging or untrue remarks towards Plaintiff or his business, which do not fall within the category of free speech.

(3) a *sua sponte* Order to Cease and Desist the Defendant from asserting any further disparaging or untrue remarks towards Plaintiff or his business, which do not fall within the category of free speech.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable.

Dated: July 21 2021

Respectfully submitted,

s/ Mike Panser

Mike Panser
Plaintiff, pro se

IN THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Mike Panser,

An Individual and as CEO of Now Move USA

a  Florida Resident

Plaintiff,

v.

Mark Jensen

An Individual and as CEO of American Resource Corporation

An Indiana Corporation

Defendant

## CERTIFICATE OF SERVICE

The Plaintiff, Mike Panser, do hereby certify that on this 23 day of July of 2021 I served a copy of the foregoing on the opposing side by mailing/hand delivering a copy thereof to:

Mark Jensen
American Resource Corporation
12115 Visionary Way
Fishers, Indiana 46038

s/ *Mike Panser*

Plaintiffs, pro se

L

MIKE PANSER
5495 NW 10th COURT #304
PLANTATION, FL 33313

US DISTRICT COURT
299 E BROWARD BLVD
SUITE 108
FORT LAUDERDALE, FL 33


